UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   **NOT FOR PUBLICATION**
KELLY CHRISTOPHER KERN

          Plaintiff,
   -against-   <u>MEMORANDUM AND ORDER</u>

DAVID ADLER, M.D., et al.,   04-CV-440 (NGG)(VVP)

          Defendants.
---------------------------------------------------------------- X

GARAUFIS, District Judge.

      On September 16, 2005, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation ("R&R") recommending dismissal of this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Judge Pohorelsky found that the plaintiff's disappearance and failure to produce discovery essential to the prosecution of this action warrants a dismissal of this action without prejudice. Plaintiff through counsel timely filed its objection, arguing that a dismissal is too drastic a remedy, and urging the court instead to "administratively discharge" the action.

      Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, this court makes a *de novo* review of all portions of the R&R to which the defendants specifically objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Familiarity with the facts of the case and the holdings of the R&R is assumed.

      After a *de novo* review, this court adopts the finding of the R&R that Plaintiff has failed to provide discovery essential to the litigation, but believes that in this instance an immediate dismissal would be too drastic a remedy. Accordingly, this court directs that the Plaintiff shall have ninety (90) days to correct all discovery defects and proceed with this action, or leave shall

1

be granted to Defendants to move to dismiss for failure to prosecute.

I.  **BACKGROUND**

This is a Section 1983 lawsuit alleging, *inter alia*, that Defendants New York City Health and Hospitals Corporation ("HHC") and HHC medical staff ("Defendants"), violated state law and Plaintiff's constitutional rights by involuntarily hospitalizing him for psychiatric treatment in November, 2002.  (Am. Compl. ¶¶ 85-100).  In the course of discovery, Defendants demanded authorizations from Plaintiff that comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) in order to access Plaintiff's relevant medical information and to evaluate Plaintiff's claims and Defendants' defenses.  (Dec. 2, 2004 Nikiciuk letter to Brooks demanding discovery at 1).  In January, 2005, Plaintiff provided eleven signed patient authorization forms and an unsworn statement responding to five of the discovery demands. (Sept. 29, 2005 Brooks letter at 2 and attachments).

On January 18, 2005, the parties met for a status conference with Magistrate Judge Pohorelsky, who found that the authorizations were not HIPPA compliant, and ruled that if Plaintiff failed to submit compliant authorizations within ten days, that Defendants could apply for dismissal for want of prosecution, and that "no party or non-party depositions shall proceed until the plaintiff is deposed." (Minutes of Jan. 18, 2005 Civil Conference.)  On January 31, 2005, Defendants requested leave from Judge Pohorelsky to move for dismissal for failure to prosecute, alleging that Plaintiff's response was deficient in that some of the authorizations were not HIPAA compliant, and others did not provide access to Defendants to view the full scope of Plaintiff's demanded medical records.  (Jan. 24, 2005 Nikiciuk letter at 3-4.)  Plaintiff responded, alleging that the authorizations were signed by Plaintiff, and that the only defect in the forms was

that the notary did not insert Plaintiff's name above her signature, as the form provides. (Jan. 27, 2005 letter from Brooks to Judge Pohorelsky.) Judge Pohorelsky directed Plaintiff in a status conference on February 11, 2005 to provide HIPAA compliant forms as soon as possible. (Minutes of Feb. 11, 2005 Civil Conference.)

On June 17, 2005, at a subsequent status conference, Plaintiff's counsel informed the court that Plaintiff had "disappeared and is unable to provide authorizations." (Minutes of June 17, 2005 Civil Conference.) On August 3, 2005, Judge Pohorelsky in an Order denying without prejudice Plaintiff's motion for an extension to serve two of the defendants noted that "plaintiff has not as yet provided the court-ordered authorizations, and indeed appears still to be missing . . . ." (Aug. 3, 2005 Order.) At the most recent status conference, on September 16, 2005, Judge Pohorelsky issued an oral ruling that "The plaintiff's counsel advises that he still has not had contact with his client, despite repeated efforts by him and his client's family to locate him. Accordingly, the court will recommend dismissal without prejudice." (Minutes of Sept. 16, 2005 Civil Conference.) In his R&R, Judge Pohorelsky ruled that:

> The plaintiff has a history of mental illness and, except for a brief period in February of this year, counsel has been out of contact with the plaintiff since at least December 2004. As a result the plaintiff has not provided authorizations for medical records which the court has ordered and cannot provide other discovery essential to prosecution of this action. In view of the plaintiff's disappearance and because this matter cannot proceed in his absence, the undersigned recommends that this action be dismissed without prejudice.

R&R. In his objection to the R&R, Plaintiff through counsel admitted that the Plaintiff had not been heard of since May, 2005, after he was discharged from a state hospital. (Sept. 29, 2005 Brooks letter at 1; Johnson Aff. ¶ 6.) However, Plaintiff's counsel urges that, in light of the prejudice to Plaintiff because he will be barred from refiling by the applicable statutes of

limitations, that this court instead order "an administrative discharge with an opportunity to reopen this lawsuit . . . ." (Sept. 29, 2005 Brooks letter at 2.)

## II. DISCUSSION

### A. Standard of Review

A court may dismiss an action for "failure to prosecute or to comply with these rules or any order of court . . . ." Fed. R. Civ. P. 41(b). Such dismissal may occur either on motion of defendant or by the court *sua sponte*. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L. Ed. 2d 734 (1962). The power of Federal courts to dismiss actions for failure to prosecute to derives in part from the necessity of preventing "undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629, 82 S. Ct. at 1388. However, dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)

The Second Circuit has instructed that an appellate court reviewing of a dismissal for failure to prosecute should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004). See also Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). Using these five factors as guidelines, I find that dismissal of this action for failure to prosecute is premature.

### B. Duration of Plaintiff's Failure to Prosecute

This factor seeks to ascertain whether "the failures were those of the plaintiff, and . . .

4

[whether] these failures were of a significant duration." Jackson, 22 F.3d at 74. This matter was commenced by the filing of the Complaint in February 2004, over a year and a half ago. However, the Defendants did not file all Answers to the Complaint until October 2004, a year ago, after the Defendants received in total seven extensions. Therefore, the Plaintiff took no part in the delay in these proceedings for the first eight months of this lawsuit.

The discovery dispute that led to Defendants' motion to dismiss came about on January 18, 2005, when Magistrate Judge Pohorelsky found that Plaintiff's medical authorizations were insufficient. From this point onward, the delay in this matter has been caused solely by Plaintiff's failure to produce adequate authorizations and his subsequent disappearance.

While a failure to prosecute a matter over one and a half years old would be considered significant if it were solely due to Plaintiff's conduct, see, e.g., Norden Sys., 375 F.3d at 254 (17 months is significant); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980) (six-month delay is significant), Defendants' eight month delay in answering the Complaint mitigates the significance of Plaintiff's nine month delay in responding to discovery. See Jackson, 22 F.3d at 74 (finding that delay factor does not favor dismissal because thirteen month litigation "not that old" and fault shared by both parties). Therefore, while Plaintiff's failure to prosecute is of significant duration, the duration of the delay does not weigh heavily in favor of dismissing this action.

C.    *Notice That Further Delay Would Result in Dismissal*

Over the past nine months, Plaintiff has been notified on numerous occasions that his failure to produce medical authorizations and subsequent disappearance would result in a dismissal. Magistrate Judge Pohorelsky held four status conferences in which discovery issues

5

were discussed, on January 18, 2005, February 14, 2005, March 17, 2005, and June 17, 2005. In the January 18, 2005 conference Magistrate Judge Pohorelsky informed Plaintiff that the medical authorizations were insufficient and needed to be cured. At the June 17, 2005 conference the court advised Defendants with Plaintiff's counsel present that he was granting to Defendants leave to move to dismiss the action for failure to prosecute. On August 3, 2005, Magistrate Judge Pohorelsky issued an Order finding that "[i]n view of the plaintiff's lack of prosecution of this action because of his own disappearance, it remains a pointless waste of the defendants' time and money" to require Defendants to oppose other discovery motions. (Aug. 3, 2005 Order.) In light of Magistrate Judge Pohorelsky's specific finding that the Plaintiff's discovery responses were insufficient, the June 2005 conference in which the court informed Plaintiff's counsel that failure to cure would result in dismissal, and the August 2005 Order finding that the plaintiff had failed to prosecute the action, I find that Plaintiff had sufficient notice leading to the September 16, 2005 R&R recommending dismissal.

   D.  *Likelihood That Plaintiff Will Be Prejudiced by Further Delay*

Defendants have not made a showing that prejudice would result from further delay. Defendants have had numerous granted requests for extensions. The action is not stale, and discovery only began in this matter nine months ago. Furthermore, the medical records and reports that are the subject of the instant discovery dispute will likely compose the majority of the evidence in this matter.

Moreover, "[i]n cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" Norden Sys., 375 F.3d at 256 (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Plaintiff's failure to produce discovery

6

was not occasioned by willful conduct on the part of Plaintiff or Plaintiff's counsel. The relevant medical authorizations were deemed insufficient because of what appears to be an honest mistake by the notary. Furthermore, Plaintiff's disappearance after being discharged from a hospital providing involuntary psychiatric services cannot at this time be deemed willful. Under the circumstances, I cannot conclude that Plaintiff's delay is inexcusable. I also do not find a nine month delay to be outside the bounds of moderation. Accordingly, defendants have not shown that they will suffer prejudice if this action is not dismissed.

      *E.      Balancing Court's and Plaintiff's Interests*

The Eastern District of New York has a heavy docket that warrants measures that alleviate court calendar congestion. Balanced against this reality is the Plaintiff's argument (through counsel's objections) that Plaintiff's right to litigate this matter would effectively be extinguished if this matter were dismissed without prejudice because of the applicable statutes of limitations. Plaintiff's argument is substantially correct. Within the next few months, all of Plaintiff's claims will be barred by the applicable statutes of limitations (Sept. 29, 2005 Brooks letter at 1-2.) Although mental illness can form a basis to toll the statutes of limitation of Plaintiff's claims, Plaintiff would face an onerous burden in meeting the applicable standards. See, e.g., Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000) (Equitable tolling for Plaintiff's federal claims requires Plaintiff to meet burden of "extraordinary circumstances."); De Poel v. City of New York, 772 F. Supp. 106, 108 (E.D.N.Y. 1991) (tolling of applicable state statutes of limitations requires showing that Plaintiff has an overall inability to function in society). Whether a future court will find the applicable statutes of limitations tolled due to mental disability is speculative, and the issue is not before me. I conclude that a dismissal of Plaintiff's

lawsuit, even without prejudice, will likely deprive Plaintiff of his day in court.

However, the troubling fact is that Plaintiff has not demonstrated to the court that this case will *ever* go to trial. Plaintiff's counsel has acknowledged that Plaintiff has disappeared for nearly six months. Plaintiff's counsel and family are unable to state whether Plaintiff has *any* intention of returning to New York, or desire to litigate this matter. While the court is sympathetic that Plaintiff due to his mental illness may not know the repercussions of his failure to prosecute, under the circumstances the court's interest in the efficient regulation of its docket compels me to fashion a remedy that offers some promise of finality.

F. *The Efficacy of Lesser Sanctions*

A summary dismissal for failure to prosecute is an especially drastic remedy in cases, such as this, in which it is uncontested that the default was not a result of willful conduct. Normally, a dismissal for failure to prosecute is occasioned by some willful error on the part of the plaintiff. See, e.g., Theodoropoulos v. Thompson Starrett Co., 418 F.2d 350 (2d Cir. 1969), cert. denied, 398 U.S. 905, 90 S. Ct. 1697, 26 L. Ed. 2d 65 (1970) (affirming dismissal because plaintiff willfully disregarded trial court's order to file a note of issue). As discussed supra, I find that Plaintiff's delay is neither inexcusable nor extreme. Under the circumstances, I am not persuaded that it is in the interests of justice that this action be summarily dismissed.

However, I do not find that there is a sanction apart from dismissal better tailored to these circumstances. A fine is an unworkable sanction for Plaintiff's delay. The cause of the failure to prosecute, Plaintiff's disappearance, is not the result of dilatory conduct on the part of Plaintiff or Plaintiff's counsel. There is no reason to believe that imposing a fine will "improve" Plaintiff's conduct. As a result, a fine is unlikely to cure Plaintiff's failure to prosecute.

I also decline to adopt Plaintiff's suggestion that this court "administratively close" the matter with leave to reopen. (Sept. 29, 2005 Brooks letter at 2.) Plaintiff's counsel has not offered any instance, and this court knows of none, in which a court has "administratively closed" a matter in lieu of dismissal for failure to prosecute, or a rule in the Federal Rules of Civil Procedure or the Local Rules of this District that would allow me to "administratively close" this matter without dismissing it as a lesser sanction.

### III. CONCLUSION

It is primarily the duty of the District Court to fashion an appropriate sanction for failure to prosecute. See, e.g., Link, 370 U.S. at 629-30, 82 S. Ct. at 1388-89; Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 284-85 (7th Cir. 1988). While summary dismissal is not appropriate under the circumstances, the need for finality compels me to direct that Plaintiff appear and cure all deficiencies within a reasonable time, or face dismissal of this action for failure to prosecute. Accordingly, Plaintiff has ninety (90) days to appear and produce valid medical authorizations to Defendants that comport with Magistrate Judge Pohorelsky's prior orders. If Plaintiff is unable to appear and cure within ninety (90) days, Defendants shall have leave to move to dismiss for failure to prosecute.

SO ORDERED.

Dated: October 31, 2005  
      Brooklyn, N.Y.
                                                  _____/s/_____  
                                                  Nicholas G. Garaufis  
                                                  United States District Judge