UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   **NOT FOR PUBLICATION**
KELLY CHRISTOPHER KERN

     Plaintiff,
 -against-              MEMORANDUM AND ORDER

DAVID ADLER, M.D., et al.,        04-CV-440 (NGG)(VVP)

     Defendants.
---------------------------------------------------------------- X

GARAUFIS, District Judge.

 Before this court is an unopposed motion by Defendants for this court to dismiss the instant action for failure to prosecute. For the reasons set forth below, the Defendants' motion is GRANTED. Knowledge of the facts underlying this motion is presumed.

**I. BACKGROUND**

 This is a § 1983 action arising out of the involuntary psychiatric hospitalization of plaintiff Kelly Christopher Kern ("Plaintiff" or "Kern") in the Elmhurst Hospital Center in November 2002. On September 16, 2005, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation ("R&R"), which found that Plaintiff has been missing since at least December 2004, and recommended dismissal of this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (R&R, at 1.) Upon review, I found that dismissal was premature. By Memorandum and Order dated October 31, 2006, I ordered Plaintiff to appear and comply with discovery demands within ninety days. (October 31, 2005 Memorandum and Order ("Oct. 31, 2005 M&O"), at 8-9.) Those ninety days have long since passed, and Plaintiff has not appeared.

 Defendants now move to dismiss the action for failure to prosecute. Plaintiff's counsel, discussing his unsuccessful attempts to contact Plaintiff, and noting that Plaintiff is still missing,

1

does not object to the motion. (Pl.'s Ltr. Ct., dated Mar. 6, 2006, at 2.)

## II. DISCUSSION

A court may dismiss an action for "failure to prosecute or to comply with these rules or any order of court . . . ." Fed. R. Civ. P. 41(b). Such dismissal may occur either on motion of defendant or by the court *sua sponte*. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). While dismissal is an appropriate remedy for failure to prosecute to avoid "undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," id. at 629, it is a "harsh remedy to be utilized only in extreme situations." Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). The Second Circuit instructs that a court reviewing a motion to dismiss for failure to prosecute should employ a balancing test of whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004). See also Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994).

In the instant motion, all factors support dismissal of this action. This case has not proceeded significantly since it commenced in 2004. Plaintiff has been afforded notice and a substantial period of time to prosecute this action. The Defendants are prejudiced by further holding this action open, as the length of the delay has impacted the Defendants' ability to defend against the action. Given the unlikelihood that Plaintiff shall ever appear, this court's interest in regulating its docket outweighs Plaintiff's right to an opportunity to proceed. Lastly, in granting Plaintiff ninety days to appear, I have attempted without success to resolve this issue without

resorting to dismissal. Accordingly, while I found that dismissal of this action for failure to prosecute was premature in October 2005, the factors enumerated by the Second Circuit in Norden Sys. compel this court to conclude that, at the present time, dismissal pursuant to Fed. R. Civ. P. 41(b) is the only appropriate remedy to Plaintiff's apparent withdrawal from this action.

## III. CONCLUSION

Defendants' motion to dismiss this action for failure to prosecute is GRANTED. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 21, 2006  _____/s/_____
    Brooklyn, N.Y.  Nicholas G. Garaufis
    United States District Judge